UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYISHA JONES,

        Plaintiff,        CASE NO. 17-11530
                                  HON. DENISE PAGE HOOD
v.

UNITED STATES DEPARTMENT
OF AGRICULTURE,

        Defendant.
                                  /

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#8]

### I. Procedural Background

On May 12, 2017, Plaintiff Kyisha Jones ("Jones") brought this action against Defendant United States Department of Agriculture ("USDA"), alleging that the USDA provided false information on Jones's consumer reports in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.* Jones requests monetary damages, among other things. The matter is before this Court on the USDA's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc # 8) Jones filed a Response on November 2, 2017. (Doc # 11) On November 16, 2017, the USDA filed a Reply. (Doc # 12)

**II.** Factual Background

Jones was charged by the USDA for health insurance costs. (Doc # 1, Pg ID 2) In March 2016, Jones was contacted by the USDA and made aware that she had an outstanding balance on unpaid medical insurance bills. (*Id.*) Jones subsequently made payment arrangements with the USDA, and attempted to get the charges waived. (*Id.*) During October 2016, Jones paid the entire outstanding balance alleged by the USDA. (*Id.*)

Jones claims to have discovered false, derogatory information being reported by the USDA on her consumer reports during December 2016. (*Id.*) Jones alleges the USDA was reporting that Jones still owed a balance, and that she was 120 days late in making several payments. (*Id.*) Jones disputed the allegedly false information being distributed by the USDA. (*Id.*)

Jones also sent a description of her dispute regarding the allegedly false USDA information and an explanation to each of the three major credit reporting agencies. (Doc # 1, Pg ID 3) Jones requested that the credit reporting agencies reinvestigate and correct the allegedly false USDA information pursuant to 15 U.S.C. § 1681i. (*Id.*) Each of the three credit reporting agencies responded to Jones by requesting that the USDA verify the allegedly false information. (*Id.*) The USDA responded by verifying the accuracy of a significant portion of the allegedly false information. (*Id.*) Jones alleges the USDA failed to reasonably

reinvestigate under 15 U.S.C. § 1681s-2(b), and that the failure was either willful, or alternatively, negligent. (*Id.*) Jones alleges she has suffered, and continues to suffer, damages as a result of the USDA's failure to abide by the requirements of 15 U.S.C. § 1681s-2(b).

The USDA argues that Jones's case should be dismissed for lack of subject matter jurisdiction because the FCRA does not include an express and unequivocal waiver of sovereign immunity for claims brought against an entity of the United States. For the reasons set forth below, the USDA's Motion is **DENIED**.

### III. Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014) (*citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In the case of a facial attack, and the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.*

In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the

evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

IV. Analysis

The USDA makes a facial attack on the complaint, arguing that this Court lacks subject matter jurisdiction to hear Jones's FCRA claim against the USDA because the FCRA does not waive sovereign immunity for claims brought against an entity of the federal government.

Consent is a prerequisite for jurisdiction over a suit brought against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). When the United States waives sovereign immunity by statute, the waiver must be expressed unequivocally in the statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). A waiver of sovereign immunity will not be implied. *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992) (citations omitted). Any ambiguities should be resolved in favor of the United States. *Id.* A federal court cannot exercise subject matter jurisdiction over a claim for money damages against the United States unless sovereign immunity has been waived.

The Sixth Circuit has not addressed whether the FCRA contains a waiver of sovereign immunity. Defendant USDA acknowledges that the Seventh Circuit

found a waiver of sovereign immunity in the FCRA in *Bormes v. United States*, 759 F.3d 793 (2014), but argues this Court should reach the opposite conclusion, as other district courts have done. Jones argues that this Court should adopt the reasoning of the *Bormes* court. To date, the Seventh Circuit is the only circuit court to directly address the issue, and this Court should adopt its rationale in the present case.

The FCRA holds any "person" who willfully or negligently fails to comply with the statute liable for damages. 15 U.S.C. §§ 1681n(a), 1681o(a). "Person" is defined as: "any individual, partnership, corporation, trust, estate, cooperative, association, *government or government subdivision or agency*, or other entity." 15 U.S.C. § 1681a(b) (emphasis added). In reference to the definition of person under the FCRA, the *Bormes* court wrote: "The United States is a government. . . . . By authorizing monetary relief against *every* kind of government, the United States has waived its sovereign immunity." *Bormes*, 759 F.3d at 795.

Writing the opinion for the court, Judge Frank Easterbrook elaborated on the statutory history of the FCRA. When originally enacted, § 1681n authorized damages only against consumer reporting agencies and users of information. *Id.* at 795. In 1996, Congress amended § 1681n to authorize damages against all "persons" who willfully violated the FCRA. *Id.* Congress made an identical change to § 1681o, authorizing damages against all "persons" who negligently

5

violated the FCRA.  In *Bormes*, the government conceded that the United States government fit within the meaning of "person" as defined under § 1681a(b), but attempted to deny that § 1681n authorized damages for claims against the United States.  *Id.* at 795.  The Seventh Circuit found the 1996 change to be an expressly unequivocal waiver of sovereign immunity, adding "§ 1681a(b) . . . waive[s] sovereign immunity for all requirements and remedies that another section authorizes against any "person."  *Id.* at 796.  This Court should agree.

The USDA directs this Court to district court opinions that declined to adopt the *Bormes* rationale.  *See, e.g.*, *Robinson v. Pennsylvania Higher Educ. Assistance Agency*, No. GJH-15-0079, 2017 WL 1277429, at *3 (D. Md. Apr. 3, 2017) (explaining the Federal Tort Claims Act and the Tucker Act both specifically authorize claims "against the United States" for damages); *Daniel v. Nat'l Park Serv.*, No. CV 16-18-BLG-SPW, 2016 WL 4401369, at *4 (D. Mont. Aug. 17, 2016) (explaining § 1681u of the FCRA addressing disclosures to the Federal Bureau of Investigation for counterintelligence provides "[a]ny agency or department of the United States . . . is liable to the consumer . . . ."); *Tice v. United States Dep't of Treasury*, No. 2:16-CV-1813-CWH, 2017 WL 3017717, at *5 (D.S.C. Mar. 30, 2017) (highlighting the express language of § 1681u of the FCRA and stating "it is unlikely . . . Congress intended to expose the United States and its agencies to punitive damages and criminal liability.").

A district court within the Sixth Circuit, however, adopted the *Bormes* rationale in *Mooneyham v. Equifax Info. Servs., LLC*, 99 F. Supp. 3d 720 (W.D. Ky. 2015). The *Mooneyham* court agreed that "the FCRA's 1996 amendment to include governments among those subject to the Act expresses" an unequivocal waiver of sovereign immunity. *Id.* at 726. The *Mooneyham* court referenced the identical language found in § 1681n and § 1681o subjecting "any person" to liability. *Id.* The district court also noted that Congress added § 1681s-2 to the FCRA, placing duties on "furnishers of information," which includes duties for "'any person' as a furnisher of information upon notice of dispute." *Id.* (citation omitted). The Sixth Circuit held that this provision explicitly creates a private right of action in *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611 (6th Cir. 2012). *Id.* at 618 ("[W]e conclude that FCRA expressly creates a private right of action against a furnisher who fails to satisfy . . . duties identified in § 1681s-2(b)."); *Mooneyham*, 99 F. Supp. 3d at 726.

Other than the emphasis on the phrase "against the United States," the district court opinions declining to adopt the *Bormes* rationale list (1) the potential for the United States to be subject to punitive damages and (2) the potential for employees of the United States to be subject to criminal penalties, as reasons courts should not find that the FCRA waives sovereign immunity for claims brought against an entity of the federal government. Those courts reasoned that Congress

7

would use clearer language if it intended to authorize such liability against the United States. Congress is free, however, to authorize both punitive awards and criminal penalties against the United States and its entities. *Bormes*, 759 F.3d at 798. Those considerations regarding Congress's intent do not change the express language of § 1681a(b).

Finally, the USDA argues that the FCRA should not be construed to waive sovereign immunity to liability for conduct that is compulsory under 31 U.S.C. § 3711. Section 3711 places an affirmative duty on federal agencies engaged in collection efforts to report a person's debt obligation to credit agencies. 31 U.S.C. §§ 3711(e)(1); 3711(g)(9)(F). There is no federal statute that requires federal agencies to report false or erroneous information. The USDA's argument is unpersuasive.

In this case, Jones alleges willful noncompliance under § 1681n, or negligent failure to comply under § 1681o, and a dereliction of duties under § 1681s-2(b). Based on the logic applied by the Seventh Circuit, this Court finds that sovereign immunity has been waived with respect to those provisions of the FCRA, and exercises subject matter jurisdiction.

Defendant United States Department of Agriculture's Motion to Dismiss for

Lack of Subject Matter Jurisdiction (Doc # 8) is **DENIED**.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated:  February 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager